(70 Misc. Rep. 541.)

CAREY LITHOGRAPH CO. v. MAGAZINE & BOOK CO.

(Supreme Court, Appellate Term. February 9, 1911.)

1. APPEAL AND ERROR (§ 1002*)—VERDICT—CONCLUSIVENESS.

A verdict on conflicting evidence is conclusive on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. CONTRACTS (§ 28*)—BREACH OF CONTRACT—BURDEN OF PROOF—"MARKET PRICE."

One suing for breach of contract to let to him a contract to print·advertising lithographs, provided it met the market price, must show affirmatively that it met the "market price," which is the price fixed by buyer and seller in an open market in the usual and ordinary course of lawful trade and competition.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 134; Dec. Dig. § 28.*

For other definitions, see Words and Phrases, vol. 5, pp. 4383–4388; vol. 8, p. 7717.]

3. EVIDENCE (§ 113*)—RELEVANCY—MARKET PRICE—"MARKET."

The market price of an article commonly dealt in is the sum fixed by the consensus of buyers and sellers dealing in the article, and proof of the price obtained at an actual bona fide auction sale, though there is but one bidder, is competent on the question of market value; for the term "market" assumes the existence of trade, and price is fixed in trade by the highest bidder and the lowest offerer.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 259–296; Dec. Dig. § 113.*

For other definitions, see Words and Phrases, vol. 5, pp. 4380, 4381.]

4. CONTRACTS (§ 28*)—BREACH OF CONTRACT—EVIDENCE—ADMISSIBILITY.

Where, in an action for breach of contract to let to plaintiff a contract to print advertising lithographs, provided it met the market price on the work, it was conceded that the work was of a special character, for which no definite price had been fixed by a consensus of buyers and sellers in the market, the amount of a successful bid for the work was prima facie proof that such amount was the market price, and plaintiff could not make

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

another market price by submitting a high bid and then averaging it with the successful bid, which was the lowest bid, and plaintiff, to recover, must show that it met the lowest bid.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 134; Dec. Dig. § 28.*]

5. APPEAL AND ERROR (§ 172*)—REVIEW—THEORY OF CASE IN TRIAL COURT.

A party suing for breach of contract may not recover on a ground not advanced and fairly litigated at the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1070–1078; Dec. Dig. § 172.*]

6. WORK AND LABOR (§ 4*)—COMPENSATION.

One who voluntarily submits to another a sketch for advertising lithographs, and who does so without promise or expectation of payment, may not recover for his services.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 3–7; Dec. Dig. § 4.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Carey Lithograph Company against the Magazine & Book Company. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Stevens, Johnson & Royall (Ralph Royall, of counsel), for appellant.

House, Grossman & Vorhaus, for respondent.

LEHMAN, J. The defendant contemplated ordering a large number of advertising lithographs for use in its business. The plaintiff, for the purpose of obtaining a contract for printing these lithographs, voluntarily submitted a sketch showing its conception of these lithographs. The defendant desired more elaborate drawings, but the plaintiff objected that such drawings would be expensive, and it did not desire to incur such expense upon the mere possibility of obtaining the contract for the printing. The defendant then promised that if the drawings were made the plaintiff would receive the contract for printing 10,000 copies, providing that it would meet certain conditions as to price. The plaintiff's salesman testified that this condition was that it would meet the "market price" on making the posters. The defendant, on the other hand, contends that it would give the plaintiff the contract only if it would meet the lowest "competitive" bid. Upon this appeal all conflicts of testimony are to be resolved in plaintiff's favor, and we must accept its version of the contract as true.

Thereafter the defendant obtained bids from the plaintiff and several competitors. The plaintiff bid $6,500, the successful competitor bid $4,300, and there were several other bids between them. The plaintiff thereupon reduced its bid, but not to the figure given by the lowest competitor. The testimony of the actual final bid of the plaintiff is not clear; but apparently its bid was reduced to $5,500, as representing a fair average between its bid and that of the lowest competitor. The lowest competitor thereupon received the contract, and the

plaintiff brought suit for the value of the drawing prepared by it in consideration of the defendant's promise to give it the contract if it met the market price. The issue litigated in the action was the breach of this contract, and the plaintiff was bound to show affirmatively that it had met the market price. "The market price is * * * a price fixed by buyer and seller in an open market, in the usual and ordinary course of lawful trade and competition." Lovejoy v. Michels, 88 Mich. 15, 23, 49 N. W. 901, 903, 13 L. R. A. 770. Where the subject of the price is an article commonly dealt in, this price will be fixed in a more or less definite sum by the consensus of all the buyers and sellers dealing in the article. The term "market" assumes the existence of trade, and the price is fixed in trade by the highest bidder and the lowest offerer. Proof of the price obtained at an actual bona fide auction sale, even where there was but one bidder, if the sale was fairly conducted, and not forced, is competent upon the question of market value. Parmenter v. Fitzpatrick, 135 N. Y. 190, 31 N. E. 1032.

In this case it is conceded that the work was of a special character, for which no definite price had been fixed by a consensus of buyers and sellers in the market. The only way that the price could be fixed was by obtaining offers from various lithographers. Under such circumstances the evidence that the successful bid was $4,300 is prima facie proof that this was the market price of the article, and the plaintiff could not make another market price by submitting a high bid and then averaging it with the lowest bid. The parties seem to have contemplated that the defendant should pay only the price fixed by competition, and the plaintiff failed to show that it met this price, and therefore failed to show that it was entitled to any recovery.

The plaintiff, however, urges that the contrary can be sustained upon another theory, viz., that it testified that the defendant demanded that plaintiff should in any event receive payment for its services in stock, and thereby broke its contract so fundamentally that plaintiff could regard this as a repudiation of the contract. I do not quarrel with the theory, but a careful examination of the record shows that this was not the theory advanced and fairly litigated at the trial; but the testimony was introduced merely as going to show defendant's bad faith and the defendant presented a fairly satisfactory explanation.

I also consider that the award of damages is not based on sufficient evidence. The plaintiff produced the design, and its witnesses testify that the design furnished was worth $350. After experts had stated that it was worth only $70 or $80, the plaintiff testified that the design in court was only the finished product, and the preliminary designs and work amounted to two-thirds of the whole. It is not at all clear that this preliminary work was not the work done in the preparation of the first sketch voluntarily submitted, and for which plaintiff cannot seek reimbursement, because it was done without promise or expectation of payment.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.